VOGEL et al. v. WELLS, FARGO & CO.

(Supreme Court, Appellate Term. January 21, 1910.)

CARRIERS (§ 76*)—CARRIAGE OF GOODS—STOPPAGE IN TRANSITU—NEGLIGENCE.
    In an action against a carrier for damages for negligently failing to obey an order to stop in transit goods shipped by plaintiffs, evidence *held* insufficient to establish a prima facie case of negligence.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 76.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Morris Vogel and Leonard J. Vogel against Wells, Fargo & Co. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Kauffman & Herzberg (Leon Kauffman, of counsel), for appellants. Alexander & Green (W. C. Prime, of counsel), for respondent.

PER CURIAM. Action to recover damages for negligence on the part of defendant, Wells, Fargo & Co., for failure to stop in transit on plaintiffs' order certain goods previously shipped by plaintiffs to a purchaser in St. Joseph, Mo. The facts shown by plaintiffs may be resolved into the following:

That plaintiffs delivered the goods to the express company on March 23, 1908, and on the 25th of the same month directed the company to stop delivery; that the order to stop was on a printed blank furnished by the company, reciting that the company was to act as the agent of the shipper and was not to be liable for failure to stop delivery; that plaintiffs paid the telegraph charges necessary to send the stop order; that a package sent to St. Joseph, Mo., should be delivered there in two days in the ordinary course, if direct connections are made; that the goods were delivered by the company to the consignee at St. Joseph, Mo., before the stop order reached that point; that the telegram to stop delivery was received at destination after the package had been delivered; that subsequently the telegraph charges were returned to and accepted by plaintiffs, and that the consignee went in bankruptcy,

and that plaintiffs received a dividend from the estate, and that on April 13, 1908, plaintiffs wrote the consignee as follows:

"Your letter of March 26th came to hand several days ago. There was a misunderstanding on the part of the Wells, Fargo & Co. express regarding the delivery of your package. We had no idea of wanting it back, or we certainly would not have shipped it to you."

The court dismissed the complaint at the close of plaintiffs' case after defendant rested. There was no proof offered to show at what hour or on what day the telegram was sent by defendant, nor the time ordinarily consumed in sending a telegram from New York to St. Joseph, Mo. Can there be found in the record any basis for a presumption that defendant failed in its duty? Aside from any question of estoppel, which we do not pass upon, plaintiffs did not establish a prima facie case of negligence.

Judgment affirmed, with costs.